**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-00915-LTB

**EARNEST SEADIN,** #44388,

    Applicant,

v.

**RICK RAIMISCH**, Director of Colorado Department of Corrections; and
**M. A. STANCIL**, Warden Federal Correctional Institution,

    Respondents.

## ORDER OF DISMISSAL

    Petitioner, Earnest Seadin, a former federal prisoner now incarcerated at the Limon Correctional Facility in Limon, Colorado, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner contends that that he is in custody in violation of federal and state law because the federal Bureau of Prisons (BOP) and the Colorado Department of Corrections (CDOC) have calculated his sentences incorrectly. For the reasons set forth below, the Application will be denied.

**A.    Relevant Factual and Procedural History**

    The record evidence reflects the following facts. Seadin was convicted of crimes of robbery and other offenses in two cases brought in Denver, Colorado, for which he received a 25 year sentence and a concurrent 4 year sentence in Denver District Court in Case No. 85CR1577 and Case No. 88CR1290 (ECF No. 34-2, p 1-2). Mr. Seadin was an inmate at the Arkansas Valley Correctional Facility (AVCF) when he escaped from custody on April 13, 1989. While an escapee from the CDOC, Seadin committed other bank robberies in Colorado and in Utah. On October 12, 1989, Applicant was

sentenced in the United States District Court for the District of Utah, to 25 years for armed bank robbery, in violation of 18 U.S.C. § 2113 (A) & (D). On July 23, 1990, Applicant was sentenced in the United States District Court for the District of Colorado, to 262 months for armed bank robbery in violation of 18 U.S. C. § 2113 (A) & (D); and to 60 months for carrying and using a firearm during a crime of violence in violation of 18 U.S.C. § 924 (C). His aggregated federal sentence of 30 years had a projected release date of July 11, 2015. *Id.*

In addition to the federal charges that Seadin incurred while an escapee from the CDOC, Seadin was charged with a new Colorado crime in Crowley County, Colorado – the offense of Escape – as a result of his escape from the CDOC in Case No. 89CR25, Crowley District Court, Colorado.

Mr. Seadin entered into plea bargains in both the federal cases and in the new Colorado case in Crowley County arising out of the Escape, such that the sentence for the Colorado Escape conviction was to run concurrent to Seadin's federal sentences, though not to his existing 25 year sentence in Colorado for robbery. Thus, the 5 year sentence for the Colorado Escape conviction was to run consecutive to Seadin's existing 25 year sentence for robbery in Colorado in Case No. 88CR1290 but concurrent to his new federal sentences.

Mr. Seadin contends that he was not aware that the CDOC was going to run his sentences in Denver District Court Case No. 85CR1577 and Case No. 88CR1290 consecutively to his federal sentences until approximately April of 2012. He then filed a motion to correct a clerical error in the Denver District Court to address the matter on or about January 1, 2013. The Denver District Court denied that motion on March 26, 2013.

Mr. Seadin then filed a document he entitled "Writ of Habeas Corpus" in the Denver District Court on September 12, 2013, which the Denver District Court also denied, for the same reasons identified in its order dated March 26, 2013. On December 4, 2013, he filed an appeal to the Colorado Court of Appeals. On February 26, 2015, the Colorado Court of Appeals issued a lengthy opinion addressing the merits of Mr. Seadin's appeal and denying his claims (ECF No. 25-1).

In this action, Mr. Seadin asserts that he previously believed that his Colorado sentence was running concurrently to his federal sentences, particularly due to the plea bargain he alleges he entered into with the district attorney in the Colorado Escape case. Specifically, Mr. Seadin argues that the federal sentences were also supposed to run concurrently to his pre-existing Colorado sentences for robbery and other crimes and not just as to the Colorado sentence for Escape. He asks that the Court order his release from the CDOC because his state sentences ended on January 23, 2014.

**B.     Federal Sentencing Claims**

Applicant petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 claiming that he was in custody in violation of federal law because the federal Bureau of Prisons (BOP) calculated his sentences incorrectly. Specifically, he claimed that the BOP abused its discretion by failing to allow him to serve his federal and state sentences concurrently. A challenge to the BOP's calculation of a prison sentence is properly brought under 28 U.S.C. § 2241. *See Walker v. United States*, 680 F.3d 1205, 1205 (10th Cir. 2012). Notwithstanding, Applicant completed his federal sentence and was released from BOP custody on July 10, 2105.

Because Applicant has completed serving his sentence and was released from the

custody of the BOP on July 10, 2015, his 2241 application regarding his federal sentence now is moot. Mootness occurs when an "actual injury that can be redressed by a favorable judicial decision" no longer exists. *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983). This court can no longer issue a judgment that has a more than a speculative chance of affecting Applicant's rights *vis a vis* his federal sentence. In other words, the Court cannot modify his federal sentence now that it has been completed. And the Court is not allowed to shorten his supervised release term. *See Rhodes v. Judiscak*, 676 F.3d 931, 935 (10th Cir. 2012) (dismissing as moot an appeal from the denial of a § 2241 habeas petition challenging only the petitioner's sentence computation because the petitioner had been released from custody). Thus, Appellant's 2241 application regarding his federal sentence will be denied as moot.

**C.     State Sentencing Issues**

A state prisoner may bring a habeas action under 28 U.S.C. § 2241 or § 2254. *See* 28 U.S.C. § 2241(c)(3), (d); *Jones v. Cunningham*, 371 U.S. 236, 236, 241 (1963) (holding that state prisoner on parole was "in custody" and district court had jurisdiction over his habeas action under § 2241). *Cooper v. McKinna*, Civil No. 99-1437, 2000 WL 123753, at *1 (10th Cir. Feb. 2, 2000) (holding that petitioner challenging his transfer to a private out-of-state prison "properly filed his petition pursuant to § 2241").

Nevertheless, it is difficult to tell whether the instant action is properly brought under § 2254 as a challenge to the validity of Seadin's conviction *vis-a-vis* his plea agreements or pursuant to § 2241 as an attack on the execution of his sentence. Analytically, the Application seems to be a hybrid. Seadin attacks the execution of his sentence as it affects the fact or duration of his confinement in Colorado.

A challenge to the execution of a state sentence is considered under 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). Under § 2241, a writ of habeas corpus may extend to a prisoner only if he or she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Moreover, a habeas petitioner is generally required to exhaust state remedies under 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000); *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (concerning a § 2241 petition). In a case brought under 28 U.S.C. § 2241, the federal district court applies *de novo* review over a state court's decision. *Bougue v. Vaughn*, 439 F. App. 700, 703 (10th Cir. 2011); *Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007).[1]

**D.  Applicant's Claim**

In essence, Mr. Seadin's claim is that his Colorado sentences should have been running concurrently with his federal sentences such that they were completed in 2014. In its review of his claims, the Colorado Court of Appeals held as follows.

---

[1] *But see Henderson v. Scott*, 260 F.3d 1213, 1214 (10th Cir. 2001) ("Although we analyze Mr. Henderson's claim under § 2241, we still accord deference to the [Oklahoma Court of Criminal Appeals'] determination of the federal constitutional issue."); *Gilkey v. Kansas Parole Bd.*, 318 F. App'x 620, 621 (10th Cir. 2008); *Brown v. Ulibarri*, 298 F. App'x 746, 748–49 (10th Cir. 2008) (citing and applying the 28 U.S.C. § 2254(d) deferential standard of review to state prisoner's challenge under § 2241 to state court decisions regarding withholding and forfeiture of good time credits); *Preble v. Estep*, 190 F. App'x 697 (10th Cir. 2006) (applying the deferential standard in 28 U.S .C. § 2254(d) to a state prisoner's habeas petition under 28 U.S.C. § 2241 challenging a disciplinary conviction); *Branham v. Workman*, Civil No. 05-6222, 2006 WL 950656, *1 (10th Cir. Apr. 13, 2006) ("applying the deferential standard required by 28 U.S.C. § 2254(d), (e)(1)" in a habeas petition arising under § 2241 for a disciplinary conviction); *Aquiar v. Tafoya*, 95 F. App'x 931, 932 (10th Cir. 2004) (in habeas petition under § 2241 challenging disciplinary conviction stating that the applicable standard is "set forth under 28 U.S.C. § 2254(d)"); *Watters v. Ray*, 175 F. App'x 212, 214 n. 1 (10th Cir. 2006) (noting agreement with the district court's determination that the standard in 28 U.S.C. § 2254(d)(1) would apply ... to a state inmate's habeas petition under § 2241 for challenge to a disciplinary conviction).

### 1. Constructive Custody

Seadin argues that he was in CDOC's constructive custody because of a detainer CDOC filed and is, therefore, entitled to credit against his Colorado sentences for time served in federal custody. We disagree.

Under sections 17-22.5-103 and 17-22.5-402(1), C.R.S. 2014, the computation of time served for purposes of parole eligibility and conditional release specifically excludes any time that the inmate is at large due to his own escape. *Crater v. Furlong*, 884 P.2d 1127, 1130 (Colo. 1994); see *Meyers v. Price*, 842 P.2d 229, 231 (Colo. 1992) (holding that section 17-22.5-402 did not entitle inmate to unconditional release because good time and earned time credits only went to the determination of parole date, not release date). Because Seadin was apprehended and sentenced to federal custody while on escape status, and has yet to be returned to CDOC custody, his state sentences have been properly tolled and his conditional release date has been delayed as a result. By all indications in the record, CDOC opted to place a detainer on Seadin to ensure his return to CDOC custody following the completion of his federal sentences, not as a way of placing him under constructive CDOC custody to fulfill his state sentences while under federal custody.

### 2. Failure to Exhaust Colorado Sentence First

Seadin also suggests that he is entitled to credit for time served in federal custody because he should have been allowed to complete his state sentence before being transferred to federal custody. Because the state of Colorado failed to "obtain custody of the Appellant to exhaust the sentence originally imposed by [Colorado authorities] first," he argues that he must be released when he completes his federal sentence. We disagree.

The Colorado Supreme Court addressed this issue in a case with very similar circumstances and held that an individual who has violated both state and federal laws is not entitled to complain either of the order in which sentences are served or to concurrent sentences. *Barber v. Cooper*, 719 P.2d 1094, 1095 (Colo. 1986).

In *Barber*, an inmate serving a life sentence for a first degree murder conviction escaped from state custody. *Id.* at 1094. He was later apprehended in California for bank robbery and received a ten-year federal sentence. *Id.* After he completed the federal sentence, the inmate was returned to the state's custody. *Id.* at 1095. On appeal from the district court's denial of his petition for a writ of habeas corpus, the inmate argued that he should have received credit for his Colorado sentence while serving his federal sentence. *Id.* The Colorado Supreme Court disagreed, holding that the inmate had no right to serve one sentence before another,

6

particularly in light of the fact that the federal sentence was incurred while the inmate was on escape status from the Colorado penitentiary. *Id.* The court also noted that the federal sentence had been ordered to be served consecutively to the state sentence and held that "[i]n Colorado, there is no requirement that a sentence run concurrently with a sentence imposed by a foreign jurisdiction." *Id.* (citing *Lander v. Evans*, 193 Colo. 179, 180, 564 P.2d 115, 116 (1977), and *People v. Lewis*, 193 Colo. 203, 207-08, 564 P.2d 111, 114-15 (1977)). The court affirmed the district court's denial of postconviction relief. *Id.*

Like the defendant in *Barber*, Seadin committed additional, unrelated crimes, and incurred federal sentences for those crimes, while on escape status from a Colorado state penitentiary. CDOC was aware of those additional sentences and opted to place a detainer on Seadin to ensure his return to CDOC custody after completing his federal sentences. Seadin cites no authority supporting his contention that he was entitled to serve the remainder of his Colorado sentence before serving his federal sentences, or that Colorado forfeited the right to take him into custody once his federal sentences are completed.

### 3. Dismissal of Escape Charge

Seadin also argues that, because his escape charge was dismissed, he is no longer on "escape status" and his Colorado sentence should have started to run again once the escape charge was dismissed. We disagree. Seadin cites no case, and we find none, holding that a defendant must be removed from escape status if escape charges are later dismissed. In fact, the only case he cites to support his argument, *Hyland-Riggs v. Carlson*, No. 10-cv-00714-MSK-BNB, 2012 WL 628835 (D. Colo. Feb. 24, 2012), appears to hold just the opposite. In *Hyland-Riggs*, a parolee was arrested for, among other things, allegedly escaping or absconding parole. *Id.* at *1. When the state dismissed the escape charge, the parolee requested that the time she spent at large be credited against her sentence. *Id.* She argued that, because the charge for escape was not pursued or proven, the state could not use the escape to extend her sentence. *Id.* at *4. The court refused the parolee's request, noting, "the Court's own research has revealed no law that conclusively indicates that an inmate who has been initially charged with escape, but has not had that charge adjudicated, is deprived of a constitutional right when the state refuses to credit the inmate's sentence with time spent at-large." *Id.* at *5.

Moreover, even if *Hyland-Riggs* supported Seadin's argument, the facts of this case are distinguishable from those presented in *Hyland-Riggs*. Though the facts of the underlying parole board hearing in *Hyland-Riggs* are somewhat unclear, it appears that the parolee argued either that she had not escaped or that her escape status was in doubt. This conclusion is bolstered

7

> by her eventual conviction for failure to properly report while on parole, rather than for escape. Conversely, Seadin admits that he escaped CDOC custody- and was not serving his CDOC sentence - when he was arrested on federal charges. He offers no convincing reason why he should no longer be classified as an escapee merely because he was arrested and incarcerated in another jurisdiction after his escape from CDOC custody.
>
> 4. Allegation of an Agreement to Concurrent Sentences
>
> Seadin's reply brief argues for the first time that the district attorney agreed that his state and federal sentences would run concurrently. We need not address this issue. *See People v. Czemerynski*, 786 P.2d 1100, 1107 (Colo. 1990) (refusing to address an issue raised for the first time in a reply brief).

ECF No. 25-1, pp. 6-12.

**E.     State Law Issues**

Applicant's claim challenges the legality of his sentences. Applicant is not entitled to habeas corpus relief with respect to this claim as he has failed to allege the denial of any federal constitutional right. In this regard, a state prisoner may seek federal habeas corpus relief only if he is in custody in violation of the Constitution or federal law. *Smith v. Phillips*, 455 U.S. 209 (1982). A writ of habeas corpus is available only on the basis of some transgression of federal law binding on the state courts. *Engle v. Isaac*, 456 U.S. 107, 119. Thus, a writ of habeas corpus is not available when a state prisoner merely alleges that something in the state proceedings was contrary to general notions of fairness or violated some federal procedural right unless the Constitution or other federal law specifically protects against the alleged unfairness or guarantees the procedural right in the state courts.

Generally, sentencing is a matter of state criminal procedure and does not fall within the purview of federal habeas corpus. *Wooten v. Bomar*, 361 U.S. 888 (1959). As such, a federal court normally will not review a state sentencing determination that falls within the

statutory limit, *Williams v. Duckworth*, 738 F.2d 828, 831 (7th Cir. 1984), as the severity of a sentence alone does not provide a basis for habeas relief. *Smith v. Wainwright*, 664 F.2d 1194 (11th Cir. 1981) (holding that a sentence imposed within the statutory limits can not be attacked in habeas proceeding). *Accord Gleason v. Welborn*, 42 F.3d 1107, 1112 (7th Cir. 1994) (internal citation omitted), *cert. denied*, 514 U.S. 1109 (1995); *Walker v. Endell*, 850 F.2d 470, 476 (9th Cir. 1987), *cert. denied*, 488 U.S. 926 (1988); *Mira v. Marshall*, 806 F.2d 636, 639 (6th Cir. 1986); *United States v. Myers*, 374 F.2d 707 (3d Cir. 1967). Thus, unless an issue of constitutional dimension is implicated in a sentencing argument, this Court is without power to grant habeas relief. *United States v. Addonizio*, 442 U.S. 178 (1979) (noting that a criminal sentence was not subject to collateral attack unless the sentencing court lacked jurisdiction to impose it or committed a constitutional error that made the sentence or underlying conviction fundamentally unfair).

It is clear from the discussion above that Mr. Seadin's sentencing matters are state law concerns that do not raise federal issues cognizable on federal habeas review. *See Eldridge v. Berkebile*, 791 F.3d 1239, 1244 (10th Cir. 2015); *Apodaca v. Ferguson*, 125 F.3d 861, at *1 (10th Cir. 1997) (unpublished op.). Under these circumstances, Applicant has alleged nothing more than an error under state law that does not involve a constitutional deprivation. *See Handley v. Page*, 398 F.2d 351, 352 (10th Cir. 1968) (holding that an issue concerning whether petitioner was serving concurrent or consecutive sentences was issue of state law, not federal issue cognizable in a federal habeas proceeding); *Ballard v. Franklin*, 463 F. App'x 732, 734–35 (10th Cir. 2011) (holding that "any misapplication of the sequence of [an Oklahoma inmate's] sentences does not involve the denial of a constitutional right"). As such, Applicant has alleged only an issue of state law that is not

cognizable in a federal habeas proceeding. *See Showalter v. Addison*, 458 F. App'x 722, 726 (10th Cir. 2012) (habeas petitioner's argument that trial court abused its discretion in ordering that his sentences run consecutively was "challenge [to] matters of pure state law").

**F.      Voluntariness of Guilty Pleas**

Notwithstanding, a component of Mr. Seadin's claim concerns the adequacy of his guilty pleas. Seadin failed to properly exhaust this claim in the Colorado Courts. As noted by the Colorado Court of Appeals, Seadin raised this issue to the Colorado Court of Appeals for the first time in his Reply Brief. As a result, the issue was not properly presented to the Colorado Court of Appeals on its merits. Where an applicant fails to properly present an issue to the state courts for review, he fails properly to exhaust his state remedies.

In response, Applicant asserts that he presented this argument to the District Court but that it failed to address it. This Court need not resolve this issue as it is clear that Applicant has failed to show that he is entitled to relief as to this claim.

In this regard, a defendant's plea of guilty amounts to a waiver of his constitutional right to a trial by jury. The Supreme Court repeatedly has held that, as with any waiver of a constitutional right, the Due Process Clause of the United States Constitution requires that a guilty plea be made "knowingly, voluntarily and intelligently." *Boykin v. Alabama*, 395 U.S. 238 (1969). The constitutional standard is one that asks whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. *Id.* at 243. Whether a plea of guilty is voluntary for purposes of the federal constitution is a question of federal law. *Marshall v. Lonberger*, 459 U.S. 422, 432 (1983).

To determine whether a guilty plea represents a voluntary and intelligent choice, a reviewing court must examine the totality of the circumstances surrounding the plea. *Brady v. United States*, 397 U.S. 742, 749.

To ensure that a plea is both knowing and voluntary, it cannot have been induced through misrepresentation or coercion, *Brady*, 397 U.S. at 750, the defendant must have notice of the nature of the charge(s) against him, *Henderson v. Morgan*, 426 U.S. 637, 645 (1976), the defendant must have an understanding of the law in relation to the specific facts at issue, *McCarthy v. United States*, 394 U.S. 459, 466 (1969), and the defendant must appreciate the consequences of the plea, *i.e.*, he must understand the rights he is surrendering through his plea. Once entered, a defendant does not have an absolute right to withdraw a guilty plea. Rather, a plea of guilty entered by one fully aware of the direct consequences must stand unless induced by threats, misrepresentation, or improper promises.

Neither an attorney's incorrect estimate of a sentence nor his client's erroneous expectation operates to render a guilty plea involuntary. *See Thomas v. Kerby*, 44 F.3d 884, 886 (10th Cir. 1995); *Laycock v. State of N.M.*, 880 F.2d 1184 (10th Cir. 1989); *Wellnitz v. Page*, 420 F.2d 935 (10th Cir. 1970). Moreover, Mr. Seadin has failed to submit any evidence to this Court to substantiate his claim that his 1985 and 1988 Colorado sentences were to be run concurrently to his federal sentences.

In this regard, Mr. Seadin references a letter dated May 1990, from Gary Stork, the District Attorney for the Sixteenth Judicial District of Colorado to United States Attorney Dave Connor, which provides as follows.

> Pursuant to our telephone conversation of May 21, 1990, regarding Ernest Seadin, this office agrees to the plea agreement arranged by your

> office. We are willing to accept an agreement of five (5) years for a plea of Guilty to Escape, a Class 4 Felony. This sentence would be consecutive to Denver District court case, 88 CR 1290. However, the above sentence would be concurrent with Federal cases 89 CR 105, U.S. District Court of Utah, and 89 CR 264, U.S. District Court of Colorado.
>
> Thank you for your cooperation in the above matter. If you have any further questions, please feel free to contact our office.

ECF No. 9, p. 12.

Contrary to Mr. Seadin's assertions, this letter does not show any understanding that his undischarged Colorado sentences in 85 CR 1577 and 88 CR 1290 would run concurrently with his federal sentences. And he offers no other evidence to support this claim. As such, he has failed to demonstrate that his guilty pleas were involuntary. Accordingly, he is not entitled to relief as to this claim.

**G.   Due Process**

Mr. Seadin also makes bald assertions of due process violations. However, his assertions, taken as true, do not state a violation of his due process rights, either procedurally or substantively. In this regard, "due process" is guaranteed through the Fourteenth Amendment of the United States Constitution. The pertinent language of the Amendment provides as follows.

> Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. Amend. XIV, § 1.

The Due Process Clause was promulgated to secure the individual from the arbitrary exercise of the powers of government. The "procedural" aspect of the Due Process Clause

requires the government to follow appropriate procedures to promote fairness in governmental decisions; the substantive aspect of the Clause bars certain government actions regardless of the fairness of the procedures used to implement them so as to prevent governmental power from being used for purposes of oppression. *Daniels v. Williams*, 474 U.S. 327, 329–33 (1986).

The procedural aspect of the Due Process Clause guarantees the availability of certain procedural mechanisms, typically the right to notice and a hearing, before the government can deprive an individual of a liberty or property interest. To establish a procedural due process violation, a person must demonstrate that he has been deprived of a constitutionally-protected property or liberty interest. *Id.* If a person does not have a constitutionally-protected interest, he or she is not entitled to the procedural protections afforded by the Due Process Clause.

A constitutionally-protected interest may arise either from the Due Process Clause itself, or from a statute, rule, or regulation. *Hewitt v. Helms*, 459 U.S. 460, 466, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983). A liberty interest "inherent" in the Constitution arises when a prisoner has acquired a substantial, although conditional, freedom such that the loss of liberty entailed by its revocation is a serious deprivation requiring that the prisoner be accorded due process. *Gagnon v. Scarpelli*, 411 U.S. 778, 781 (1973). Liberty interests that fall within this category include the revocation of parole, *Morrissey v. Brewer*, 408 U.S. 471 (1972), and the revocation of probation, *Gagnon*, 411 U.S. at 778. However, the granting of parole or the release from custody prior to the expiration of a prisoner's maximum term is NOT a constitutionally-protected liberty interest that is inherent in the Due Process Clause. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442

U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); *Fristoe v. Thompson*, 144 F.3d 627, 630 (10th Cir. 1998) ("The Constitution does not itself afford appellant a liberty interest in a reduced sentence.").

It is clear from the discussion in the Colorado Court of Appeals' Opinion that Colorado law does not grant Colorado state prisoners any constitutionally-protected liberty interest in having undischarged sentences run concurrently to other validly imposed criminal sentences. Its discussion above makes patently clear that Applicant does not have a constitutionally-protected liberty interest in concurrent sentences that arises under state law. Because a Colorado prisoner has no liberty interest in receiving concurrent sentences, he cannot complain of the constitutionality of procedural devices attendant to decisions regarding the running of his Colorado sentences.

The constitutional right to "substantive due process" protects individuals against arbitrary governmental action, regardless of the fairness of the procedures used to implement them. Substantive due process is an area of the law famous for its controversy, and not known for its simplicity. In contrast to procedural due process' focus on procedures, substantive due process prohibits certain government actions irrespective of the procedures which attend those actions. Whereas procedural due process concerns deprivations of liberty interests and assures that such deprivations are not accomplished unless attended by certain procedures, substantive due process does not require a liberty interest in order to be violated. *See Rochin v. California*, 342 U.S. 165, 172, 173 (1952).

The standards for analyzing a substantive due process claim appear to depend upon whether one is challenging legislative or executive action. *See, e.g., Wagner ex rel.*

*Wagner–Garay v. Fort Wayne Community Schools*, 255 F.Supp.2d 915, 922 (N.D. Ind. 2003) ("However, the appropriate standard for analyzing a substantive due process claim depends on whether 'legislation or a specific act of a governmental officer is at issue.' ") (quoting *Dunn v. Fairfield Community High School Dist. #225*, 158 F.3d 962, 965 (7th Cir. 1998)).  The Colorado Department of Corrections is an executive branch agency.  The standard of review for a substantive due process challenge to executive branch action requires that the aggrieved person establish that the executive action shocks the court's conscience.  *See Benson v. Martin*, 8 F. App'x 927, 930 (10th Cir. 2001) (explaining it is a habeas petitioner's burden to establish that the challenged action shocks the conscience).

Admittedly, the "shock the conscience" test is less than precise.  However, in giving content to this test, the Supreme Court has explained that conduct that is "most likely to rise to the conscience-shocking level is 'conduct intended to injure in some way unjustifiable by any government interest.' "  *Chavez v. Martinez*, 538 U.S. 760, 775 (2003) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998)).

Mr. Seadin fails to show that requiring him to serve his Colorado sentences consecutively to his federal sentence is conscience shocking or that such a requirement constitutes behavior that is intended to injure him in a way that is unjustifiable by any government interest.  Failure to reward an escapee by running his federal and state sentences concurrently is a legitimate method of calculating a prisoner's separate sentences.  Hence, it is wholly legitimate for the CDOC to require a Colorado Prisoner who escapes from Colorado custody and commits other criminal offenses to serve such sentences consecutively; such requirement is neither arbitrary nor capricious, or, in other words, does not shock this court's conscience.  Accordingly, Mr. Seadin has failed to carry

his burden of showing that the requirement that his Colorado sentences run consecutive to his federal sentences shocks this court's conscience or is arbitrary or capricious. Hence, he has failed to show a violation of his substantive due process rights.

**H.     Eighth Amendment**

As his final argument, Mr. Seadin claims that the failure of CDOC to run his Colorado Sentence concurrently with his federal sentences violates the Eighth Amendment's prohibition against cruel and unusual punishment.    In *Solem v. Helm*, 463 U.S. 277, 284 (1983), the United States Supreme Court held that the Eighth Amendment prohibits "not only barbaric punishments, but also sentences that are disproportionate to the crime committed." In so concluding, the court employed a proportionality analysis that weighed the following factors:  the gravity of the offense and the harshness of the penalty; a comparison of the sentence imposed for more serious crimes in the same jurisdiction; and a comparison of the sentences imposed for the same crime in other jurisdictions.

Almost a decade later, the Supreme Court decided *Harmelin v. Michigan,* 501 U.S. 957 (1991), which concerned the issue of whether the Eighth Amendment requires a proportionality guarantee in non-capital cases. In *Harmelin*, the Supreme Court reviewed a claim that the punishment imposed, life in prison without the possibility of parole, was grossly disproportionate to the offense committed, possession of more than 650 grams of cocaine. While *Harmelin* did not contain a majority opinion with respect to the issue, two justices, Scalia and Rhenquist, concluded that the Eighth Amendment does not contain a proportionality guarantee and, for that reason, the sentence could not be considered to be unconstitutionally disproportionate. *Harmelin*, 501 U.S. at 995 (concluding that "[s]evere, mandatory penalties may be cruel, but they are not unusual in the constitutional sense,

having been employed in various forms throughout our Nation's history."). Applying *Harmelin*, the federal courts have concluded that "only an extreme disparity between crime and sentence offends the Eighth Amendment." *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). Thus, to determine whether a sentence violates the Eighth Amendment, we must determine whether the sentence is grossly disproportionate to the crime committed. *See United States v. Gurule*, 461 F.3d 1238, 1247 (10th Cir. 2006). Moreover, "[t]he Eighth Amendment analysis focuses on the sentence imposed for each specific crime, not on the cumulative sentence for multiple crimes." *Hawkins v. Hargett*, 200 F.3d 1279, 1285 n. 5 (10th Cir. 1999).

Applicant's Colorado sentences are within the permissible statutory limits under Colorado law. Moreover, the fact that they are running consecutive to his federal sentences does not make them not grossly disproportionate or extreme and he cites to no authority to support such a claim. Therefore, he has failed to establish a violation of the Eighth Amendment. *Cf. United States v. Kellerman*, 432 F.2d 371, 376 (10th Cir. 1970) (holding that imposition of two consecutive ten-year sentences for unlawfully transferring marijuana and imposition of other sentences ranging from one to ten years to be served concurrently with the two ten-year sentences were not excessive and did not amount to cruel and unusual punishment where they were within range prescribed by valid statutes) *United States v. Gillespie*, 452 F.3d 1183, 1190–91 (10th Cir. 2006) (collecting authorities).

**I.   Conclusion**

Accordingly, it is

**ORDERED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 9) filed by Applicant, Earnest Seadin, is **DENIED**. It is

**FURTHER ORDERED** that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

**FURTHER ORDERED** that this case is dismissed with prejudice.

DATED December 3, 2015.

                                      BY THE COURT:

                                      s/Lewis T. Babcock
                                      Lewis T. Babcock
                                        Senior United States District Judge